**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF NextGen 1.9 (rev. 1.9)**
**Eastern Division**

Anderson Galindo–Gonzalez

                                        Plaintiff,

v.                                                                    Case No.: 1:26–cv–07806
                                                                      Honorable April M. Perry

Samuel Olson, et al.

                                        Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Wednesday, July 15, 2026:

        MINUTE entry before the Honorable April M. Perry: Motion hearing held 7/15/2026. Petitioner agrees to withdraw the proffered first amended complaint [14] in light of the parties' agreement that this case presents a 8 U.S.C. § 1226(a) vs. 8 U.S.C. § 1225(b)(2) issue, similar to that raised in many other cases in this district, and as described in Respondent's response to the petition [11]. The Court grants the motion to join Brandon Crowley as a respondent in this matter [13], in his capacity as Jail Commander of Clay County Jail, where Petitioner is currently being held. For the reasons previously stated by this Court, see Mirzoev v. Olson, 25–cv–12969, Doc. 11, and the reasons set forth in the opinions on this issue from the Second, Sixth, and Eleventh Circuits, this Court reaffirms its position that 8 U.S.C. § 1226 applies to non–citizens arrested in the interior of the United States. See Cunha v. Freden, 175 F.4th 61 (2d Cir. 2026); Lopez–Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026); Hernandez Alvarez v. Warden Miami FDC, 175 F.4th 1258 (11th Cir. 2026). The Government has chosen, as it has many times in the past, to incorporate by reference its arguments made in H.G.V.U. v. Smith, 25–cv–10931, Doc. 30. See Doc. 11 at 3–4. The Government further acknowledges that this case is "not distinguishable" from previously–filed cases in the Northern District of Illinois raising these same issues. Id. at 3. The Court therefore adopts and incorporates its own prior reasoning and grants the petition [2]. Respondents are ordered to provide Petitioner with a release hearing under 8 U.S.C. § 1226(a) within five days of this order or otherwise release him. Because this order provides the full relief to which Petitioner is entitled, the Clerk is directed to enter a final judgment order in favor of Petitioner and terminate this civil case. Petitioner's counsel shall file a motion with this Judge within fourteen days if Petitioner does not receive the relief to which he is entitled. Civil case terminated. Mailed notice. (jcc,)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and

criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.